# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-07224 MMM (FFMx) | Date | December 9, 2008 |
| Title | *Owens v. Hubbell Lighting, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction

On October 1, 2008, Barbara Owens sued Hubbell Lighting, Inc. ("Hubbell") and Does 1-10 in Los Angeles Superior Court. Owens is a resident of California.[1] Defendant Hubbell asserts that it is a Connecticut corporation with its principal place of business in South Carolina.[2] Owens' complaint alleges one claim for age discrimination under California Government Code § 12940(a).[3] Hubbell removed the action to this court on October 31, 2008, asserting that the matter falls within the court's diversity jurisdiction under 28 U.S.C. §§ 1441(a) and 1332(a).

---

[1]Complaint for Age Discrimination ("Compl."), ¶ 2.

[2]Notice of Removal of Action to the United States District Court for the Central District of California Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) Diversity ("Notice of Removal"), ¶ 5.

[3]Complaint, ¶¶ 11-16.

### A.     Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Thus, only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.     Whether This Case Was Properly Removed Under 28 U.S.C. § 1332

Hubbell contends that this matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

#### 1.     Whether the Complete Diversity Requirement is Satisfied

Hubbell bears the burden of demonstrating that the complete diversity requirement is met by a preponderance of the evidence. Hubbell alleges that it is a Connecticut corporation with its principal place of business in South Carolina.[4] See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall

---

[4] Notice of Removal, ¶¶ 5,

be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). It offers no evidence, however, regarding plaintiff's citizenship. Plaintiff's complaint alleges that she is a California resident.[5] There is a difference between citizenship and residency. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. See *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. See, e.g., *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ('Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile')"). Because Hubbell fails to specify plaintiff's citizenship, it has not carried its burden of demonstrating that there is complete diversity. See *id.* at 857-58 ("Since the party asserting diversity jurisdiction bears the burden of proof, see *Lew*, 797 F.2d at 749, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction").

### 2. Whether the Amount in Controversy Requirement is Satisfied

Hubbell also bears the burden of demonstrating that the amount in controversy requirement is satisfied by a preponderance of the evidence. *Gaus*, 980 F.2d at 566. "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount . . . by a preponderance of the evidence." *Id.*

#### a. Whether it Is Apparent from the Face of the Complaint That the Amount in Controversy Exceeds $75,000

To determine whether defendant has met its burden of establishing the jurisdictional amount, the court first considers whether an amount in controversy exceeding $75,000 is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). Owens seeks, *inter alia*, "economic damages, according to proof," "general damages, according to proof," "punitive damages, according to proof," "statutory attorneys' fees," "costs of suit incurred," and "such further relief as the Court deems

---

[5]Compl., ¶ 2.

3

proper."[6]  The complaint does not state the dollar amount of the damages sought.  The amount in controversy is thus not apparent from the face of the complaint.

### b. Whether Hubbell Has Adduced Facts That Show the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of adducing summary-judgment-like evidence that the amount in controversy exceeds $75,000.  See *Matheson*, 319 F.3d at 1091 ("[W]e have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' Conclusory allegations as to the amount in controversy are insufficient"); *Singer*, 116 F.3d at 377 (holding that the "court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of the removal'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under [the preponderance of the evidence] burden, the defendant must provided evidence establishing that it is 'more likely than not' [that jurisdiction is satisfied]"); *Gaus*, 980 F.2d at 567.

Hubbell's notice of removal states: "The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, for the following reasons: The complaint alleges Plaintiff was employed by Defendant, wrongfully terminated on October 12, 2007 and has suffered damages caused therefrom. . . .  Plaintiff's prayer for relief seeks economic, general damages, punitive damages, pre-judgment interest, attorney's fees and costs and 'such relief as the Court deems proper.'"[7]  This conclusory statement is merely a recitation of the allegations found in plaintiff's complaint; it does not identify facts that establish an amount in controversy exceeding $75,000.

Hubbell also asserts that the amount in controversy requirement is satisfied because "[p]laintiff's counsel impliedly acknowledged to Defendant's counsel that the amount in controversy exceeds $75,000 by failing to respond to Defendant's counsel's letter asking for a confirmation that the amount in controversy is less than $75,000."[8]  Plaintiff's failure to respond to defendant's letter is not evidence that the amount in controversy exceeds $75,000.  *Singer*, 116 F.3d at 376; see also *James v. CH2M Hill, Inc.*, No. C 02-5879, 2003 WL 716245, *1 (N.D. Cal. Feb. 19, 2003) ("Defendant has still not identified a single fact about this case that suggests the

---

[6]*Id.*, ¶ 6.

[7]Notice of Removal, ¶¶ 19, 20.

[8]*Id.*, ¶ 26; Declaration of Robert D. Vogel ("Vogel Decl."), ¶ 3, Exh. A.

4

amount in controversy is met.  Instead, defendant relies upon plaintiff's failure to object to this Court's jurisdiction as 'evidence' that the amount in controversy is undisputed.  Plaintiff's silence does not satisfy defendant's burden for the same reasons plaintiff's refusal to stipulate is insufficient" (citation omitted)).  Hubbell has identified no facts supporting its assertion that the amount in controversy exceeds the jurisdictional minimum.  The notice of removal fails, for example, to estimate or quantify plaintiff's lost wages, or provide evidence of jury verdicts in cases with analogous facts.  See *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Thus, Hubbell has not carried its burden of showing that the amount in controversy exceeds $75,000.

For the foregoing reasons, the court orders defendant to show cause on or before **December 15, 2008**, why this action should not be remanded for lack of subject matter jurisdiction.  Failure to respond by **December 15, 2008**, will result in the immediate remand of the action to state court.  Plaintiff may file a response on or before **December 22, 2008**.